UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMERA YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC., EQUIFAX INFORMATION SERVICES, INC., and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | 1:15-cv- 05815<br><br>Honorable Manish S. Shah |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Joint Initial Status Report.

**1.    Nature of the Case**

    **a.    Attorneys of Record:**

| | |
|---|---|
| **Daniel John McGarry**<br>LEAD ATTORNEY<br>**Ahmad Tayseer Sulaiman**<br>**Mohammed Omar Badwan**<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard<br>Suite 150<br>Oak Brook, IL 60523<br>(630) 575-8181<br>Fax: 630-575-8188<br>Email: dmcgarry@sulaimanlaw.com<br>Email: ahmad.sulaiman@sulaimanlaw.com<br>Email: mbadwan@sulaimanlaw.com<br>*Attorneys for Plaintiff* | **Lucia Nale**<br>LEAD ATTORNEY<br>**Michelle V Dohra**<br>**Rue Koester Toland**<br>**Joseph Michael Snapper**<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 701-7750<br>Email: LNale@mayerbrown.com<br>Email: mdohra@mayerbrown.com<br>*Attorneys for Defendant Wells Fargo* |

1

| | |
|---|---|
| **Colleen Suzanne Walter**<br>**Rodney L. Lewis**<br>Polsinelli PC<br>161 N. Clark Street<br>Suite 4200<br>Chicago, IL 60601<br>312 819 1900<br>Email: cwalter@polsinelli.com<br>Email: rodneylewis@polsinelli.com<br>**Tameika L. Montgomery**<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>(404) 215-5957<br>Email: tmontgomery@kslaw.com<br>*Attorneys for Defendant Equifax* | **Kevin Crowley Knight**<br>Jones Day<br>77 W. Wacker Drive<br>Chicago, IL 60601<br>(312) 269-1534<br>Email: kknight@jonesday.com<br>*Attorney for Defendant Experian* |

      b.      **Federal Jurisdiction:** Federal question jurisdiction is based on the Fair Credit Reporting Act ("FCRA").

      c.      **Claims asserted:** Plaintiff asserts claims under the FCRA and 11 U.S.C. §524(a)(2). Plaintiff's asserts claims against Equifax and Experian under subsection 1681e(b) for failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report; subsection 1681i(a)(1) for failure to conduct a reasonable reinvestigation into Plaintiff's dispute or delete the disputed information; subsection 1681i(a)(2) for failure to provide notice of the consumer's dispute to Wells Fargo and provide Wells Fargo all relevant information Plaintiff provided; subsection 1681i(a)(4) for failing to consider all relevant information Plaintiff provided related to the dispute; and subsection 1681i(a)(5) for failing to delete information related to Plaintiff found to be inaccurate, incomplete or unverifiable and notify Wells Fargo of the same.

      Plaintiff's asserts claims against Wells Fargo under subsections 1681s-2(b)(1)(A) for failing to conduct an investigation into Plaintiff's dispute to the consumer reporting agencies; subsection 1681s-2(b)(1)(B) for failing to review all relevant information Plaintiff provided to

the consumer reporting agencies; subsection 1681s-2(b)(1)(C) for failing to report the results of its investigation to the consumer reporting agencies; subsection 1681s-2(b)(1)(D) for failing to report the results of its investigation to all other consumer reporting agencies to which it furnished the information; subsection 1681s-2(b)(1)(E) for failing to modify, delete or permanently block inaccurate, incomplete or unverifiable information related to Plaintiff; and 11 U.S.C. § 524(a)(2) for continuing to report the subject debt as past due and owed following Plaintiff bankruptcy discharge.

  **d.**  **Major legal and factual issues:** Plaintiff states the major legal and factual issues are whether Defendants conducted a reasonable investigation into Plaintiff's disputes to the credit reporting agencies and whether Defendant Wells Fargo violated Plaintiff's discharge injunction by continuing to report the subject debt as past due and owed following Plaintiff bankruptcy discharge.

  **e.**  **Relief sought:** Plaintiff seeks (1) affirmative injunctive relief ordering the deletion or modification of all adverse credit reporting relating to the subject debt; (2) actual damages; (3) statutory damages; (4) punitive damages; and (5) attorneys' fees and costs of suit.

**2.**  **Pending Motions and Case Plan**

  **a.**  **Pending Motions:** There are no pending motions at this time.

  **b.**  **Proposed Discovery Plan:**

    **i.**  The parties anticipate both written and oral discovery.

    **ii.**  Parties to exchange Rule 26(a)(1) disclosures by September 15, 2015.

    **iii.**  Parties to issue written discovery by October 15, 2015.

    **iv.**  Fact discovery to be completed by April 30, 2016.

    **v.**  The parties do not anticipate any expert discovery at this time. The parties request a status conference at or near the close of fact discovery to inform the court whether expert discovery will be needed.

    **vi.**  Assuming no expert discovery will be needed, dispositive motions to be filed by July 31, 2016.

  **c.**  **Trial:** Plaintiff has demanded a jury trial. A jury trial should last no more than two days.

**3.**  **Consent to Proceed Before a Magistrate Judge**

  **a.**  The parties do not unanimously consent to proceed before a Magistrate Judge.

**4.**  **Status of Settlement Discussions**

  **a.**  Initial settlement discussions have not yet occurred.

  **b.**  The parties do not request a settlement conference at this time.