UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMERA YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC. et al,<br><br>Defendants. | 1:15-cv-05815<br><br>Honorable Rebecca R. Pallmeyer |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS

NOW COMES the Plaintiff, TAMERA YOUNG ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to Defendant WELLS FARGO HOME MORTGAGE, INC.'S ("Wells Fargo" or "Defendant") Rule 12(b)(6) motion to dismiss as follows:

BACKGROUND

Plaintiff and her husband executed a note and a mortgage in favor of Wells Fargo ("subject loan" or "Wells Fargo account") secured by real property located at 16580 Plainview Drive, Markham, Illinois ("subject property"). (Pl. Compl. ¶¶14-16, 19.) On June 27, 2013, Plaintiff and her husband filed a joint petition for relief under chapter 13 of title 11of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. (Pl. Compl. ¶13.) In their Chapter 13 plan, Plaintiff and her husband indicated their intention to surrender the subject property to Wells Fargo in full satisfaction of its claims. (Pl. Compl. ¶¶19,22.) On September 5, 2013, the Bankruptcy Court confirmed Plaintiff's Chapter 13 plan, binding Wells Fargo to the terms of the plan. (Pl. Compl. ¶25.) Wells Fargo actively participated in Plaintiff's bankruptcy case by seeking relief from the automatic stay in order to

1

foreclose on the subject property. (Pl. Compl. ¶26.) Plaintiff performed her duties as set forth in her Chapter 13 Plan and the Bankruptcy Court entered an order granting the Plaintiff and her husband a discharge under Section 1328(a) of the Bankruptcy Code ("Discharge Order"); which discharged the Plaintiff of any personal liability on the subject loan. (Pl. Compl. ¶¶27, 28.)

### a. Plaintiff's First Credit Dispute

On May 19, 2014, subsequent to Plaintiff's discharge, Plaintiff sent a written dispute ("first dispute") to defendants Equifax and Experian ("CRAs") in relation to the subject loan (Pl. Compl. ¶31, Group Exhibit I.) Specifically, Plaintiff requested that her credit file be updated to reflect a zero balance and discharged status of all accounts discharged in her bankruptcy. (Id.) Moreover, Plaintiff attached all relevant bankruptcy documents and requested that the dispute be forwarded to all of the creditors listed on her bankruptcy documents. (Id.)

On June 10, 2014, Experian responded to Plaintiff's first dispute by updating some of the discharged accounts but failed to update the Wells Fargo account to reflect its discharged status. (Pl. Compl. ¶34, Exhibit J.) Specifically, the Wells Fargo account was still reporting an account balance of $219,975 and a monthly obligation of $2,175. (Pl. Compl. ¶35 Exhibit J.) On June 17, 2014, Equifax responded to Plaintiff's first dispute and stated "We have reviewed the bankruptcy information…This bankruptcy is currently reporting as discharged." (Pl. Compl. ¶36, Exhibit K.) However, the subject loan was still reporting a balance of $217,975, a past due amount of $28,350, and a scheduled payment amount of $2,211. (Id.)

### b. Plaintiff's Second Credit Dispute

On September 2, 2014, Plaintiff sent a second dispute to the CRAs in relation to the derogatory reporting of the subject loan. (Pl. Compl. ¶38, Exhibit M.) Moreover, Plaintiff's second dispute specifically demanded that the CRAs "forward this letter, and the enclosures" to

2

Wells Fargo. (Pl. Compl. ¶¶38,39.) On September 14, 2014, Experian responded to Plaintiff's dispute but did not correct the delinquent status of the subject loan. (Pl. Compl. ¶41, Exhibit N.) Specifically, the subject loan was still reporting a balance of $217,975 as of May 2014 and delinquent. (Id.) On September 30, 2014, Equifax responded to Plaintiff's second dispute but did not correct trade line of the subject loan to reflect Plaintiff's discharge. (Pl. Compl. ¶42, Exhibit O.) Specifically, the subject loan was now reporting a balance of **$2,179,756**, a past due amount of $35,376, and a monthly obligation of $2,211. (Id.) (emphasis added).

Plaintiff alleges that Well Fargo violated numerous sections of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 by (1) failing to conduct an investigation with respect to the disputed information after receiving the request for investigation from the CRAs pursuant to §1681s-2(b)(1)(A), (2) failing to review all relevant information provided by the CRAs pursuant to §1681s-2(b)(1)(B), (3) failing to report results of the investigation to the CRAs pursuant to §1681s-2(b)(1)(C), and (4) failing to modify, delete, or permanently block the incorrect information as it relates to the subject loan pursuant to §1681s-2(b)(1)(E). (Pl. Compl. ¶¶73-82.) Moreover, Plaintiff also alleges that Wells Fargo's negative reporting of the subject loan constitutes an attempt to collect a discharged debt in violation of the Bankruptcy Discharge Injunction. Wells Fargo has filed a Motion to Dismiss ("Defendant's Motion") alleging that Plaintiff has failed to state a claim pursuant to the aforementioned sections of the FCRA and that this Court lacks jurisdiction to adjudicate a violation of the Bankruptcy Discharge Injunction. Plaintiff hereby concedes that there *may* be a jurisdictional issue with her Bankruptcy Discharge Injunction claim and hereby voluntarily dismisses it and requests that the dismissal be without prejudice. With respect to the FCRA claim, Defendant's Motion must be denied as a matter of law.

STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In general, when a plaintiff brings a claim in federal court, he need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations show that it is plausible, rather than merely speculative, that he is entitled to relief. *Lang v. TCF Nat'l Bank,* 249 Fed. Appx. 464, 466 (7th Cir. 2007). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

ARGUMENT

"The FCRA, 15 U.S.C. §1681s-2(b), sets forth the duties of those who furnish credit information. Under the statute, after a furnisher receives notice from a CRA that a consumer disputes the 'completeness or accuracy of information' that the furnisher gave the CRA, the furnisher must conduct a reasonable investigation and report the results of the investigation back to the CRA." *Lang,* 249 Fed. Appx. at 465 (7th Cir. 2007). Defendant's Motion argues that Plaintiff fails to state a claim under §1681s-2(b) of the FCRA because (1) she failed to plead that Wells Fargo received notice of the dispute from Experian and Equifax and (2) Plaintiff has pled herself out of court by improperly pleading facts in the alternative. Wells Fargo is mistaken,

4

Plaintiff's complaint expressly alleges that Wells Fargo received notice of the disputes from Experian and Equifax. Furthermore, pleading in the alternative is expressly permitted by Rule 8 of the Federal Rules of Civil Procedure.

## I.    Plaintiff Has Adequately Pled a Violation of §1681s-2(b)

The central theme of Defendant's Motion is that Plaintiff failed to allege that Wells Fargo received notice of Plaintiff's disputes from Experian and Equifax and thus its statutory duties under the FCRA were never triggered. However, Wells Fargo's argument is controverted by the face of Plaintiff's complaint. Specifically, Plaintiff alleges:

> a.  "74. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after *receiving* the multiple requests for investigation from the CRA Defendants." (Pl. Compl. ¶74.) (emphasis added).
>
> b.  "75. Had Wells Fargo taken *any* steps to investigate Plaintiff's valid dispute, it would have determined that the subject debt was in fact discharged; Plaintiff provided her bankruptcy information in her requests for investigation. Furthermore, Wells Fargo had actual notice of all information relating to Plaintiff's bankruptcy through its active participation in Plaintiff's bankruptcy and by virtue of its receipt of the BNC notices." (Pl. Compl. ¶75.) (emphasis in original).
>
> c.  "76. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information *provided by the CRA Defendants* relating to Plaintiff's multiple requests for investigation." (Pl. Compl. ¶76.) (emphasis added).
>
> d.  "77. Had Wells Fargo reviewed the bankruptcy information provided by Plaintiff, it would have been impossible for Wells Fargo to determine that the subject debt was not discharged in bankruptcy." (Pl. Compl. ¶77.)

Moreover, Plaintiff's disputes to Experian and Equifax specifically request that Experian and Equifax send the disputes to Wells Fargo. (Pl. Compl. ¶¶31, 89.) Given that Plaintiff's complaint alleges that Wells Fargo received notice of Plaintiff's disputes, Wells Fargo's argument that Plaintiff failed to allege the same must fail.

In the event this Court finds that Plaintiff's allegations that Wells Fargo received notice of Plaintiff's disputes from Experian and Equifax were insufficient, Plaintiff still properly states

5

a claim. Specifically, in *Lang v. TCF Nat. Bank,* 249 Fed. Appx. 464 (7th Cir. 2007), the Seventh Circuit addressed the very same argument advanced by Wells Fargo and held that a plaintiff need not specifically allege that a CRA notified the furnisher to state a claim under §1681s-2(b). *Id.* at 466. The *Lang* court stated that there is a "practical reason why" a plaintiff should not be required to allege that a CRA notified the furnisher of an error because the "FCRA does not require a CRA to tell a *consumer* when it notifies *furnisher of information* about the consumer's dispute. As a result a consumer may not, at the time of filing a complaint, be in a position to allege the notification." *Id.* As a result, even if Plaintiff failed to allege that Wells Fargo received notice of the disputes, she still adequately pleads her claim pursuant to *Lang*.

Moreover, the court in *Himmelstein v. Comcast of the Dist., L.L.C.,* 931 F. Supp. 2d. 48, 54 (D. D.C. 2013) addressed the very same issue here and held that a plaintiff need not expressly allege that a furnisher received notice from the CRA because the FCRA imposes a statutory duty on the CRA to send the dispute to the furnisher; it must be presumed at the pleading stage that the CRA complied with its statutory duty. *Id.* at 54-55. The *Himmelstein* court also held that an FCRA plaintiff, without the benefit of discovery at the pleading stage, would lack requisite knowledge of whether the furnisher received notice of the dispute; adopting such a burdensome requirement would be contrary to the goals of notice pleading. *Id.*

Wells Fargo cites to *Bevill v. California Credit Union,* No. 2:13-CV-102 JCM NJK, 2013 WL 2896970 (D. Nev. 2013) to advance its argument that Plaintiff failed to properly plead her FCRA claim. In *Bevill,* the court dismissed plaintiff's FCRA claim because plaintiff failed to allege that the furnisher received notice of the dispute. In *Bevill,* the plaintiff did not even submit a dispute to the CRAs, which are then required to send the dispute to the furnisher. *Bevill* is distinguishable because unlike the plaintiff in *Bevill,* Plaintiff submitted multiple disputes to the

CRAs, which then sent the disputes to Wells Fargo. As such, *Bevill* misses the mark by a wide margin.

Wells Fargo also cites to *Densmore v. GMAC,* No. 03 C 1866, 2003 WL 22220177 (N.D. Ill. 2003) in support of its Motion. In *Densmore,* the court held that the plaintiff cannot drag a furnisher into court without conducting an investigation into whether its duties under the FCRA were ever triggered; namely, whether it received notice of a dispute from the CRAs. *Id.* at 6-7. The *Densmore* court came to its strict interpretation of the notice requirement because the FCRA provides a means for a plaintiff to verify if a furnisher received a dispute. *Id.* Wells Fargo's reliance on *Densmore* must fail because *Densmore* predated *Lang* and thus was abrogated by the same. Specifically, *Densmore* was issued in 2003 while the Seventh Circuit issued its *Lang* decision in 2007. Even if *Lang* did not abrogate *Densmore,* the ruling in *Densmore* must not be followed because it imposes an additional condition precedent that is not required by the FCRA; that a plaintiff first formally investigate with the CRAs whether a furnisher in fact received notice from the CRAs. This additional requirement is appropriate for the discovery stage of litigation and has no place in the pleading stage. *See Varnado v. Trans Union, LLC,* 2004 U.S. Dist. LEXIS 7486 (N.D. Ill. 2004) (applying the liberal pleading standards in denying a furnisher's motion to dismiss an FCRA count and rejecting the strict standard set forth in *Densmore*). As a result, Wells Fargo's reliance on *Densmore* must fail.

Wells Fargo's reliance on *Nieman v. Chase Bank, N.A.,* No. 13 C 8944, 2014 WL 3354462, (N.D. Ill. 2014) must also fail for the same reasons that its reliance on *Densmore* fails. In *Nieman*, the court adopted the *Densmore* court's analysis in reaching its conclusion that a plaintiff must specifically allege that a furnisher received notice of the dispute. As stated above, such a strict interpretation at the pleading stage runs afoul the liberal pleading standards in

federal courts and dismissal at the pleading stage would be inappropriate. The Plaintiff urges this Court to reject the reasoning in *Densmore* and *Nieman* and permit the Plaintiff to meet her burden of proof with the benefit of discovery.

## II. Wells Fargo's Duty is Triggered Upon Notice of the Dispute Only

Wells Fargo also argues that Plaintiff's allegation that the CRAs did not provide notice of the dispute to Wells Fargo is fatal to her claim. Specifically, Plaintiff alleges:

> "63. The CRA Defendants violated 15 U.S.C. §1681i(a)(2) by failing to send *all relevant information* that they received in Plaintiff's first and second requests for investigation to Wells Fargo." (Pl. Compl. ¶63.) (emphasis added).

Wells Fargo's argument that Plaintiff's allegations that the CRAs did not comply with their statutory duty to submit the disputes to Wells Fargo must fail because Plaintiff alleges that the CRAs did not send *all* relevant information to Wells Fargo, not that the CRAs did not provide *notice* of the disputes to Wells Fargo. Specifically, 15 U.S.C. §1681s-2(b), sets forth the duties of those who furnish credit information. Under the statute, after a furnisher receives *notice* from a CRA that a consumer disputes the 'completeness or accuracy of information' that the furnisher gave the CRA, the furnisher must conduct a reasonable investigation and report the results of the investigation back to the CRA. *See* 15 U.S.C. §1681s-2(b).

Here, Plaintiff does not allege that CRAs never provided *notice* of the dispute to Wells Fargo, she alleges that the CRAs did not provide Wells Fargo with *all relevant information* that it received from Plaintiff. It is entirely plausible that Wells Fargo received notice of the disputes from the CRAs, but did not receive *all* relevant information that Plaintiff sent to the CRAs, such as the bankruptcy Chapter 13 Plan and Discharge Order. (Pl. Compl. ¶¶31, 38, Group Exhibit I, Exhibit M.) Given that all reasonable inferences must be drawn in favor of the Plaintiff, Wells Fargo's argument that Plaintiff has pled herself out of court must fail as a matter of law.

8

**III.    Alternative Pleading is Permitted**

Even if the Court construes Plaintiff's allegation that the CRAs did not provide *all relevant information* to Wells Fargo to mean that the CRAs never sent the dispute to Wells Fargo, it is not fatal to Plaintiff's claim. Specifically, Plaintiff is entitled to plead in the alternative, even if this means that her complaint contains inconsistent allegations. *Alper v. Altheimer & Gray,* 257 F.3d 680, 687 (7th Cir. 2001). Rule 8 of the Federal Rules of Civil Procedure states that a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any of them is sufficient." Fed. R. Civ. Pro. 8(d)(2). Moreover, "a party may state as many separate claims or defenses as it has, regardless of consistency." *Id. at* (3). Here, at the very minimum, Plaintiff's pleading should be construed as an alternative pleading, which is expressly permitted by Rule 8. As such, Wells Fargo's argument that the inconsistencies in Plaintiff's complaint are fatal must fail as a matter of law.

## CONCLUSION

Wells Fargo's Motion as to Plaintiff's FCRA claim blatantly ignores the face of Plaintiff's complaint. Plaintiff's complaint specifically alleges that Wells Fargo received notice of Plaintiff's disputes from Experian and Equifax and thus properly pleads a claim pursuant to 15 U.S.C. §1681s-2(b). As a result, Wells Fargo's Motion with respect to Plaintiff's FCRA claim must be denied.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Rule 12(b)(6) Motion to Dismiss with respect to her FCRA claim and enter an order dismissing her claim for violations of the Bankruptcy Discharge Injunction *without* prejudice.

9

Dated: October 22, 2015          Respectfully Submitted,

                                             /s/ Mohammed O. Badwan
                                             Mohammed O. Badwan, Esq. ARDC#6299011
                                             *Counsel for Plaintiff*
                                             Sulaiman Law Group, LTD
                                             900 Jorie Blvd, Ste 150
                                             Oak Brook, IL 60523
                                             Phone (630)575-8181
                                             Fax: (630)575-81

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served by operation of the court's electronic filing system, this 22nd day of October 2015, addressed to:

Joseph M. Snapper
Lucia Nale
Michell Dohar
Mayer Brown Llp
71 South Wacker Drive
Chicago, IL 60606
(312) 701-8124
jsnapper@mayerbrown.com
LNale@mayerbrown.com
mdohra@mayerbrown.com

Dated: October 22, 2015               Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188